In re the MARRIAGE OF Michael PRITCHETT, Appellee,

and

Michelle K. Bollinger, f/k/a Michelle Pritchett, Appellant.

No. 02CA1054.

Colorado Court of Appeals, Div. IV.

Oct. 9, 2003.

Oxman & Oxman, P.C., Stephen E. Oxman, Denver, Colorado, Gary L. Crandell, P.C., Gary L. Crandell, Denver, Colorado, for Appellee.

Michelle K. Bollinger, pro se.

Opinion by Judge VOGT.

In this post-dissolution proceeding, Michelle K. Bollinger (mother) appeals the district court order finding her in contempt for failure to comply with an order granting Michael Pritchett (father) parenting time. We vacate the order.

Permanent orders entered in the parties' dissolution proceedings in Colorado in 1996 granted mother and father joint custody of their two children, with mother as the residential custodian. In a 1998 modification, mother was granted sole custody after father had relocated to Oregon. Mother subsequently moved with the children from Colorado to North Dakota.

Parenting time disputes culminated in a 2001 Colorado court order granting father parenting time overnight on October 22, 2001, and, provided he "show[ed] proof of being enrolled in a parenting program," granting him additional parenting time at the children's Christmas break. The October overnight did not occur, and on November 16, 2001, father moved for a contempt citation based on mother's failure to obey the order.

Two weeks later, mother notified the Colorado court, pursuant to the Uniform Child-custody Jurisdiction and Enforcement Act, § 14–13–101, et seq., C.R.S.2002 (UCCJEA), that she had filed a motion in a North Dakota court to determine jurisdiction over custody issues. Noting that father had been living in Oregon for four years and that she and the children had been living in North Dakota for three years, mother asserted that Colorado was an inconvenient forum and that North Dakota was now the children's home state.

After the Colorado and North Dakota courts consulted, the Colorado court retained jurisdiction over this matter only "for purposes of resolving the currently pending contempt citation, which is set for hearing on January 14, 2002." Jurisdiction over all other matters was transferred to the North Dakota court.

One week before the January 14 hearing date, father filed a second .motion in the Colorado court for a contempt citation, alleging that mother had disobeyed the other provision of the 2001 order by prohibiting him from exercising parenting time at Christmas. The first contempt hearing was continued, and the two motions for contempt citations were consolidated for a February 12 hearing by the Colorado court.

Mother moved to dismiss the second contempt citation, citing, inter alia, the Colorado court's lack of jurisdiction over anything but the first contempt citation. The court does not appear to have ruled on her motion. She also filed a motion in the North Dakota court for a contempt citation against father, citing his failure to prove his completion of the parenting class required as a precondition to the parenting time at Christmas. The North Dakota court set mother's contempt motion, as well as other parenting time issues, for a hearing on March 15.

At the February 12 hearing in Colorado, the magistrate dismissed the first contempt citation on the merits, finding that mother did not disobey the order because father waived the October overnight. However, mother was held in contempt for the Christmas break visitation violation alleged in the second motion. To purge the contempt, mother agreed to deliver the children to father for five weeks of parenting time and to appear at a March 22 review hearing. The parties also stipulated that mother's failure to comply would result in three months of parenting time for father and imposition of attorney fees.

When mother subsequently failed to appear at the March 22 review hearing, a bench warrant for her arrest issued.

On mother's motion for review, the district court adopted the magistrate's order. The court found that the magistrate did not err in retaining jurisdiction over the second contempt matter because both contempt citations were based on the same underlying order. The district court also found that mother waived her objection to the exercise

of jurisdiction by appearing at and participating in the hearing.

### I.

Mother contends that the Colorado court lacked jurisdiction to hear the second contempt matter. We agree.

### A.

Effective July 1, 2000, the UCCJEA replaced its predecessor, the Uniform Child Custody Jurisdiction Act (UCCJA). Thus, resolution of the motions at issue here, filed after the effective date, is governed by the UCCJEA. *See* § 14–13–403, C.R.S.2002; A. Arkin, *The Uniform Child Custody Jurisdiction Enforcement Act: Part I*, 29 Colo. Law. 73 (Sept.2000).

■ Whether a trial court has subject matter jurisdiction over a UCCJEA proceeding presents a question of law that is reviewed de novo on appeal. *Atchison v. Atchison*, 256 Mich.App. 531, 664 N.W.2d 249 (2003).

Because Colorado was the home state of the children when the dissolution of marriage proceeding commenced, the Colorado court had jurisdiction to make the initial child custody determination. *See* §§ 14–13–102(7), 14–13–201(1), C.R.S.2002; *Nistico v. Dist. Court*, 791 P.2d 1128 (Colo.1990)(applying similar provisions under the UCCJA).

Under the UCCJEA, the court that has made the initial custody determination generally retains exclusive, continuing jurisdiction until the child and both parents leave the state or no longer have a significant connection with the state. Section 14–13–202(1); *see* A. Arkin, *The Uniform Child Custody Jurisdiction Enforcement Act: Part II*, 29 Colo. Law. 81 (Oct.2000); National Conference of Commissioners on Uniform State Laws, *Summary of UCCJEA* (2001), *available at* http://www.nccusl.org/nccusl /uniformact_summaries/uniformacts-s-uccjaea.asp. The UCCJEA also provides that a state with exclusive, continuing jurisdiction may relinquish jurisdiction when it determines that another state would be a more convenient forum. Section 14–13–207(1), C.R.S.2002; *see* § 14–13–202 official comment, C.R.S. 2002.

The UCCJEA seeks to eliminate the simultaneous exercise of jurisdiction over custody decrees by more than one state. *See* § 14–13–206 official comment, C.R.S.2002. Consistent with that policy, appellate decisions have recognized the limited jurisdiction of their own courts where another state is properly exercising UCCJEA jurisdiction. *See McNabb ex rel. Foshee v. McNabb*, 31 Kan.App.2d 398, 65 P.3d 1068 (2003)(where Virginia court stayed custody proceeding and tentatively offered to defer jurisdiction to Kansas court, and Kansas court failed to take any action to accept UCCJEA jurisdiction before Virginia court vacated its deferral decision, Kansas could not thereafter exercise UCCJEA jurisdiction); *Campbell v. Martin*, 802 A.2d 395 (Me.2002)(where Maine court had only temporary emergency jurisdiction under UCCJEA, it properly dismissed request to consider additional matters outside the scope of that jurisdiction); *In re Marriage of Medill*, 179 Or.App. 630, 40 P.3d 1087 (2002)(where Oregon court lacked jurisdiction under UCCJEA to modify its initial custody and parenting time determinations, it could not modify custody or parenting time as a sanction for contempt).

■ We conclude that, under the UCCJEA, the Colorado court was without jurisdiction to resolve the second contempt proceeding once it had relinquished jurisdiction over all matters except the first contempt proceeding and the North Dakota court was properly exercising jurisdiction.

The fact that both contempt proceedings flowed from the same 2001 order does not warrant a contrary conclusion. In reliance on the Colorado court's relinquishment of jurisdiction of all matters except the first contempt, the North Dakota court had, by the time of the February hearing in Colorado, already commenced proceedings regarding the same 2001 Colorado order. The North Dakota court's ruling arising out of its March 2002 hearing is not part of the record on appeal. However, a portion of the ruling quoted by mother to the Colorado court states that North Dakota would not enforce

the Colorado order granting father Christmas visitation.

As noted, the Colorado court had found mother in contempt for not allowing that visitation and had granted father additional parenting time as a sanction. That sanction, however, was a parenting determination over which the North Dakota court had assumed jurisdiction. *See In re Marriage of Medill, supra.* Thus, the simultaneous exercise of jurisdiction by the Colorado and North Dakota courts resulted in the sort of inconsistent rulings that the UCCJEA was intended to avoid.

Because the Colorado court lacked jurisdiction to rule on the second contempt citation, its order finding mother in contempt and imposing sanctions is void, and the attorney fee award and bench warrant issued pursuant to that order must likewise be vacated. *See Young v. Punturo,* 252 Mich.App. 47, 651 N.W.2d 122 (2002)(where Michigan court lacked jurisdiction under UCCJA, its orders finding mother in contempt for failure to comply with parenting time schedule were void).

### B.

 We are not persuaded otherwise by father's argument and the district court's ruling that mother waived her jurisdictional objection by appearing at and participating in the February 12 hearing.

 The UCCJEA addresses subject matter jurisdiction, and personal jurisdiction over a party is not necessary or sufficient to make a child custody determination. Section 14–13–201(3), C.R.S.2002. Subject matter jurisdiction concerns the authority of the court to decide the issues before it. In contrast to personal jurisdiction, subject matter jurisdiction may not be waived and can be raised at any stage in the proceedings. *See In re Marriage of Tonnessen,* 937 P.2d 863 (Colo.App.1996)(under similar provision of UCCJA, where Colorado court did not have subject matter jurisdiction to determine custody, wife's participation in earlier proceedings could not confer such jurisdiction).

Moreover, we agree with mother that, as a practical matter, she had no choice but to attend the Colorado hearing. She remained subject to the Colorado court's jurisdiction over the first contempt proceeding, *see* § 14–13–207(3), C.R.S.2002 (in order relinquishing jurisdiction based on inconvenient forum, court may impose any just and proper condition), and because the two proceedings were consolidated, she could not avoid an appearance.

### II.

Mother also contends that certain evidentiary rulings were erroneous, that the award of attorney fees was an abuse of discretion, and that she was denied a fair and impartial hearing. Our resolution of the jurisdictional issue obviates the need to address these issues.

The order finding mother in contempt is vacated.

Judge KAPELKE and Judge WEBB concur.