COLORADO COURT OF APPEALS                                    **2017COA117**

Court of Appeals No. 15CA0449
Mesa County District Court No. 07CR851
Honorable Valerie J. Robison, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Christopher Edward Butler,

Defendant-Appellant.

ORDER AFFIRMED

Division II
Opinion by JUDGE DAILEY
Fox and Plank*, JJ., concur

Announced September 7, 2017

Cynthia H. Coffman, Attorney General, Kevin E. McReynolds, Assistant
Attorney General, Denver, Colorado, for Plaintiff-Appellee

Douglas K. Wilson, Colorado State Public Defender, Andrew C. Heher, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art.
VI, § 5(3), and § 24-51-1105, C.R.S. 2016.

¶ 1     In 2007, defendant Christopher Edward Butler was charged with and convicted of multiple criminal counts based on allegations that he had sexually assaulted a child, L.W., between January 1992 and May 1995. He asserted that, inasmuch as the charges were brought more than twelve years later, they were barred by the applicable ten-year statute of limitations.

¶ 2     Butler had, however, been serving a Colorado sentence out-of-state from 1999 until 2006, and, by statute, Colorado's limitations period was tolled, for up to five years, while a person was "absent from the state of Colorado."

¶ 3     The issue presented in this case is whether a defendant is "absent" from the state for statute of limitations purposes when he or she has been transferred by the Colorado Department of Corrections (DOC) to an out-of-state facility to serve out the remainder of a Colorado sentence. Because we conclude that the person is absent from the state under those circumstances, we affirm the postconviction court's denial of Butler's Crim. P. 35(c) motion to vacate his convictions and sentences.

1

## I.    *Background*

¶ 4    In 1995, Butler was convicted in Colorado and sentenced to fourteen years imprisonment for sexually assaulting a child.  In 1999, the DOC placed Butler in a Minnesota prison pursuant to an agreement with Minnesota prison authorities.  Butler served the remainder of his Colorado sentence in Minnesota and was discharged in 2006.  A month after his release, he attempted to contact L.W., prompting L.W. to report the abuse he had allegedly suffered as a child to the police.  As a result of L.W.'s report, Butler was charged and prosecuted in the present case.

¶ 5    At the time of the alleged crimes, Colorado's statute of limitations provided a straightforward ten-year limitations period for prosecuting the crimes with which Butler was charged.  § 18-3-411(2), C.R.S. 1995.  In 2002, the General Assembly amended the applicable limitations period by extending it to ten years after a victim reaches the age of eighteen.  Ch. 288, sec. 2, § 18-3-411(2)(b), 2002 Colo. Sess. Laws 1128.

¶ 6    Before his trial, Butler moved for dismissal on the ground that his prosecution was barred by the straightforward ten-year limitations period in effect at the time of the alleged offenses.  The

prosecution responded that (1) the limitations period was no longer simply ten years, but, pursuant to the 2002 amendment, it was ten years after the victim reached the age of eighteen;[1] or (2) in the alternative, the limitations period had been tolled while Butler was incarcerated in Minnesota.[2] Without being more specific, the trial court denied Butler's motion to dismiss with a handwritten notation "for the reasons cited by the prosecution."

¶ 7    After a jury convicted Butler, the court sentenced him to lengthy, consecutive terms of imprisonment in the custody of the DOC. On direct appeal, Butler did not argue the statute of limitations issue, and a division of this court affirmed his

---

[1] As applied to this case, the period prescribed in the 2002 statute would not have expired until 2008. Because the 2002 amendment was enacted before the previous straightforward ten-year limitations period would have expired in this case, the 2002 amendment could have been applied here without violating ex post facto principles. *People v. Hicks*, 262 P.3d 916, 919-20 (Colo. App. 2011) ("[T]here is no ex post facto violation where the legislature extends the limitations period for prosecutions not yet time-barred as of the date of the extension.").

[2] In its response, the prosecution noted that Butler had "requested that he be transferred to a facility outside the state of Colorado to serve his sentence near his family." The trial court never determined whether Butler "requested" or otherwise "agreed to" the transfer.

convictions and sentences. *See People v. Butler*, (Colo. App. No. 08CA2442, Apr. 5, 2012) (not published pursuant to C.A.R. 35(f)).

¶ 8     In 2014, Butler filed a Crim. P. 35(c) motion to vacate his convictions and sentences. Relying on *People v. Summers*, 208 P.3d 251 (Colo. 2009), he asserted that the underlying charges were barred by the application of the straightforward ten-year limitations period in effect when the crimes were committed. (Despite some language in the 2002 amendment stating otherwise, the supreme court in *Summers* interpreted the 2002 amendment as not applying to persons who, like Butler, committed their crimes before it was enacted. *Id.* at 259.)[3]

¶ 9     The People responded that (1) Butler's postconviction claim was barred by his failure to previously raise it when he had the opportunity to do so on direct appeal; and (2) in any event, even the straightforward ten-year limitations period had been tolled while he was incarcerated in Minnesota. Agreeing with the second of these

---

[3] The basis of its decision was that the 2002 amendment was ambiguous and, based on the rule of lenity, applied only to crimes committed on or after the statute's effective date. *People v. Summers*, 208 P.3d 251, 259 (Colo. 2009).

4

arguments, the postconviction court denied Butler's motion for relief.

## II. Butler's Claim Was Not Barred By the Abuse of Process Rule

¶ 10 As an initial matter, the People contend that Butler was barred from pursuing his statute of limitations claim in a postconviction proceeding under the abuse of process rule. We disagree.

¶ 11 Under one part of the abuse of process rule, a court is generally required to "deny any claim that could have been presented in an appeal previously brought[.]" Crim. P. 35(c)(3)(VII).[4] Because Butler's statute of limitations claim could have been — but was not — brought on direct appeal, this part of the abuse of process rule would appear to apply.

¶ 12 However, there are several exceptions to the abuse of process rule, see Crim. P. 35(c)(3)(VII)(a)-(e), one of which is of particular import here: "[A]ny claim that the sentencing court lacked subject matter jurisdiction" may be pursued in a postconviction proceeding,

---

[4] Abuse of process is a doctrine separate and apart from that of successive petitions. *See People v. Rodriguez*, 914 P.2d 230, 253 (Colo. 1996). In 2004, the abuse of process doctrine was codified, in an adapted form, in Crim. P. 35(c)(3)(VII).

notwithstanding the fact that it could have been previously brought in a direct appeal, Crim. P. 35(c)(3)(VII)(d).

¶ 13    "[D]espite their deep roots and pervasive nature, criminal statutes of limitations are not constitutionally mandated; rather, they are subject to legislative choice and can be amended or even repealed altogether."  Frank B. Ulmer, Note, *Using DNA Profiles to Obtain "John Doe" Arrest Warrants and Indictments*, 58 Wash. & Lee L. Rev. 1585, 1612 (2001) (footnote omitted); *see also* 1 Charles E. Torcia, Wharton's Criminal Law § 92 (15th ed. 1993) ("At common law, there was no limitation of time within which a criminal prosecution had to be commenced; a time limitation is therefore a creature only of statute.").

¶ 14    That said, our case law is clear: a claimed statute of limitations violation in a criminal case implicates the court's subject matter jurisdiction.  *See People v. Cito*, 2012 COA 221, ¶ 32; *People v. Wilson*, 251 P.3d 507, 509 (Colo. App. 2010) (citing *People v. Verbrugge*, 998 P.2d 43, 44 (Colo. App. 1999)).  Consequently, Butler's claim is not barred by the abuse of process rule.

¶ 15    We reject, as unpersuasive, the People's argument that Butler's statute of limitations claim does not present an issue of

6

subject matter jurisdiction. If we were writing on a clean slate, we might well be receptive to their argument.[5] But we are not writing on a clean slate.

¶ 16     Nearly sixty years ago, the supreme court held that a statute of limitations challenge is jurisdictional in nature. *See Bustamante v. Dist. Court,* 138 Colo. 97, 107, 329 P.2d 1013, 1018 (1958) ("[T]he statute of limitations in a criminal case is not merely a defense that may be asserted at the trial as in civil matters, but denies jurisdiction to prosecute an offense not committed within the period limited."), *overruled in part on other grounds by Cty. Court v. Ruth,* 194 Colo. 352, 575 P.2d 1 (1977). Since that time, divisions of our court have characterized the "jurisdictional" nature of the issue in *Bustamante* as one involving "subject matter" jurisdiction. *See, e.g., Wilson,* 251 P.3d at 509; *Verbrugge,* 998 P.2d at 44-46, *superseded by* § 16-5-401(12) *as stated in People v. Lowry,* 160 P.3d 396, 397 (Colo. App. 2007); *see also People v. Ware,* 39 P.3d 1277,

---

[5] Indeed, courts in other states have found such arguments persuasive. *See State v. Peltier,* 332 P.3d 457, 460 (Wash. 2014); *see also State v. Bowers,* 709 A.2d 1255, 1264 n.7 (Md. 1998) ("Although a few courts have held that the statute of limitations is jurisdictional and cannot be waived, the vast majority of federal and state courts have held that the statute of limitations is an affirmative defense which can be waived.").

1279 (Colo. App. 2001) ("Under Colorado law, the statute of limitations in criminal matters operates as a jurisdictional bar to prosecution that cannot be waived.").[6]

¶ 17    There is, of course, good reason for this.  We cannot ignore the supreme court's characterization of a statute of limitations challenge as one presenting a "jurisdictional" issue.  *People v. Gladney*, 250 P.3d 762, 768 n.3 (Colo. App. 2010) (the court of appeals is bound to follow supreme court precedent); *see People v. Novotny*, 2014 CO 18, ¶ 26 (The supreme court "alone can overrule [its] prior precedents concerning matters of state law . . . .").  And because there are but two types of "jurisdictional" issues, i.e., "personal" jurisdiction and "subject matter" jurisdiction, *Circuit Court v. Lee Newspapers,* 332 P.3d 523, 533 (Wyo. 2014), and Butler's claim has nothing to do with "personal" jurisdiction, it follows that the supreme court in *Bustamante* was addressing a matter of "subject matter" jurisdiction.

---

[6] "In contrast to personal jurisdiction, subject matter jurisdiction may not be waived and can be raised at any stage in the proceedings."  *In re Marriage of Pritchett,* 80 P.3d 918, 921 (Colo. App. 2003).

¶ 18    Finally, we reject the People's assertion that the nonjurisdictional nature of Butler's claim is demonstrated by section 16-5-401(12), C.R.S. 2016, which, the People say, allows a defendant to "waive" a statute of limitations defense.  Section 16-5-401(12), however, says nothing about "waiver"; instead, it makes a limitations period inapplicable in certain situations.[7]

¶ 19    In *Wilson*, a division of this court recognized that

> [b]ecause subject matter jurisdiction is established by the constitution and statutes, the General Assembly can change the scope of subject matter jurisdiction by amending statutes.  In enacting section 16-5-401(12), the General Assembly modified the subject matter jurisdiction of courts . . . .

251 P.3d at 509 (citation omitted).

¶ 20    We agree with the division in *Wilson*.  Consequently, we conclude that Butler was not barred by Crim. P. 35(c)(3)(VII) from

---

[7] In pertinent part, section 16-5-401(12), C.R.S. 2016, provides as follows:

> The applicable period of limitations . . . shall not apply to charges of offenses . . . brought to facilitate the disposition of a case, or to lesser included or non-included charges of offenses or delinquent acts given to the court or a jury at a trial on the merits, by the accused.

9

pursuing a statute of limitations claim in this postconviction proceeding.

III. *The Trial Court Had Jurisdiction Over the Case Because Butler's Absence From the State Tolled the Limitations Period*

¶ 21    Butler contends that the postconviction court erred in ruling that the trial court had subject matter jurisdiction for purposes of the statute of limitations' tolling provision because he was "absent from the state of Colorado" while he was incarcerated in Minnesota for his prior Colorado convictions. We disagree.

¶ 22    In support of his contention, Butler makes two assertions: (1) the trial court erroneously interpreted the tolling provision to encompass periods when persons are serving Colorado sentences in other states' facilities; and, in any event, (2) the prosecution was required to — but did not — plead and prove to a jury that he was "absent from the state." We address each in turn.

A. *The Trial Court Properly Interpreted the Tolling Provision*

¶ 23    Statutory interpretation presents a question of law which we review de novo. *People v. Johnson*, 2015 CO 70, ¶ 9.

¶ 24    In interpreting a statute, our task is to ascertain and give effect to the intent of the General Assembly. *Dubois v. People*, 211

P.3d 41, 43 (Colo. 2009). To discern the legislative intent, we look first to the language of the statute itself, *Summers*, 208 P.3d at 253-54, reading words and phrases in context and construing them according to rules of grammar and common usage, *People v. Diaz*, 2015 CO 28, ¶ 12.

¶ 25 When the statutory language is clear and unambiguous, "we apply the words as written without resort to other rules of statutory interpretation." *People v. Shores*, 2016 COA 129, ¶ 16 (citing *People v. Van De Weghe*, 2012 COA 204, ¶ 8). But "[w]hen the language of a statute is susceptible of more than one reasonable understanding and is therefore considered ambiguous," *People v. Jones*, 2015 CO 20, ¶ 10, "a court must look beyond the language [of the statute] and consider other factors, such as the statute's legislative history and the objective sought to be achieved by the legislation," *People v. Lovato*, 2014 COA 113, ¶ 23.

¶ 26 In 1995, the pertinent statute of limitations tolling provision stated that

> [t]he time limitations imposed by this section shall be tolled if the offender is absent from the state of Colorado, and the duration of such absence, not to exceed five years, shall be excluded from the computation of the time

11

> within which any complaint, information, or indictment must otherwise be filed or returned.

§ 16-5-401(2), C.R.S. 1995.[8]

¶ 27 Butler argues that, because he was transferred to Minnesota by the Colorado DOC, he was not "legally absent" from the state for tolling purposes because (1) he did not travel out of state of his own volition; (2) the Colorado DOC maintained "jurisdiction" over him while he was incarcerated in Minnesota; and (3) a literal reading of the word "absent" in the statute would lead to an illogical and absurd result (i.e., that the DOC could circumvent statutes of limitation at-will by transferring inmates out of state). We are not persuaded.

¶ 28 We recognize that criminal statutes of limitations should generally be construed liberally in favor of the defendant. *People v. Thoro Prods. Co.*, 70 P.3d 1188, 1196 (Colo. 2003). However, "the principle of liberal construction . . . may not be invoked to alter the plain meaning of a statute or to extend the application of its provisions beyond the clear limits of their reach." *In re M.D.E.,*

---

[8] The current version of the statute of limitations contains a nearly identical tolling provision. *See* § 16-5-401(2).

12

2013 COA 13, ¶ 16; *see also People v. Dinkel,* 2013 COA 19, ¶ 19 ("[T]he rule of lenity . . . may be employed *only* to resolve an unyielding statutory ambiguity . . . .") (emphasis added).

¶ 29    In common and ordinary usage, the term "absent" is understood to mean "not present or not attending" or "being elsewhere." *Webster's Third New International Dictionary* 6 (2002); *see People v. Serra,* 2015 COA 130, ¶ 52 ("Courts may refer to dictionary definitions to determine the plain and ordinary meaning of undefined statutory terms.") (citing *Webster's Third New International Dictionary* to define a term).  Being in another state, such as Minnesota, qualifies, on its face, as being "not present" in, or "elsewhere" than, Colorado, and thus "absent" from Colorado.

¶ 30    The General Assembly did not include in the tolling provision language contemplating a defendant's reason for being out of the state, nor whether the defendant was out of state voluntarily.  Had it wanted the statute to encompass such circumstances, it could easily have included them.  *See Turbyne v. People,* 151 P.3d 563, 567 (Colo. 2007) ("We do not add words to the statute . . . ."); *A.C. v. People,* 16 P.3d 240, 243 (Colo. 2001) (an appellate court will not create an exception to a statute that its plain meaning does not

13

suggest or demand); *People v. Benavidez*, 222 P.3d 391, 393-94 (Colo. App. 2009) ("[I]n interpreting a statute, we must accept the General Assembly's choice of language and not add or imply words that simply are not there.").

¶ 31    Other states with similar provisions have held that absence from the state alone is sufficient to toll the limitations period, regardless of whether it was voluntary or due to imprisonment in another state, and regardless of the ease with which the state could apprehend the defendant or return him from out of state. *See State v. Stillings*, 778 P.2d 406, 408-10 (Mont. 1989) (rejecting defendant's argument that during his incarceration in another state for a Montana conviction, he was "still under Montana jurisdiction" and holding that "mere absence of the criminal defendant from the state is sufficient to toll the statute of limitations");[9] *see also State v. Lee*, 948 P.2d 641, 648 (Kan. 1997) ("[A]bsent from the state" tolling provision unambiguously required only "that 'the accused is

---

[9] The Montana tolling statute provided, in pertinent part, that the period of limitation does not run during "any period in which the offender is not usually and publicly resident within this state." *See State v. Stillings*, 778 P.2d 406, 409 (Mont. 1989). The *Stillings* court interpreted that to mean, as here, "absent" from the state. *See id.*

14

absent from the state' in order to toll the statute of limitations, regardless of whether the absence is voluntary or involuntary." (quoting *State v. Hill*, 64 P.2d 71, 73 (Kan. 1937))), *disapproved of on other grounds by State v. Gunby*, 144 P.3d 647 (Kan. 2006); *State v. Canton*, 308 P.3d 517, 519-24 (Utah 2013) (The phrase "out of the state" in the tolling statute focuses on a person's physical presence within or without the state's territorial boundaries, and not on abstract constructs of "legal presence."); *State v. Newcomer*, 737 P.2d 1285, 1290 (Wash. Ct. App. 1987) (rejecting the argument that a statute of limitations should not have been tolled as a result of the defendant's incarceration in another state because he was "available" to Washington authorities through the Interstate Agreement on Detainers).[10]

¶ 32     That Butler was sent out of state by the DOC (i.e., not of his own free will, nor to evade the law) and that the DOC maintained

---

[10] Butler points out factual distinctions between these cases and his own — namely, that these cases (except for *Stillings*) involve defendants serving out-of-state sentences for crimes committed in that other state, as opposed to being transferred and serving a sentence in one state for an offense committed in another. This distinction, however, does not diminish the main conclusion that the tolling provisions in each case concerned only the physical location of a defendant when determining whether he was "absent," and *not* why or how such absence occurred.

jurisdiction over him while he was in Minnesota (per contractual agreements between state correctional facilities) do not change the fact that he was actually "absent" from the state of Colorado.

¶ 33 Butler asserts that such a literal reading of the statute leads to an absurd result, that is, DOC authorities could circumvent statutes of limitations at-will by transferring defendants out of state. Butler points out that this action would defeat the purpose of statutes of limitation — to protect individuals from defending themselves against stale charges. *See Higgins v. People*, 868 P.2d 371, 373 (Colo. 1994).

¶ 34 While it is true that "[a] statutory interpretation leading to an illogical or absurd result will not be followed," *Frazier v. People*, 90 P.3d 807, 811 (Colo. 2004), we do not perceive an absurd result from our interpretation. There is — and, under the facts, can be — no suggestion that the DOC transferred Butler to circumvent an otherwise applicable limitations period. This follows because law enforcement, much less the DOC, had no reason to suspect Butler of the crimes charged here until after he had been released from incarceration in Minnesota.

¶ 35    Further, as noted by the postconviction court, the provision limiting the tolling "not to exceed five years" prevents the statute's purpose from being thwarted indefinitely.  To the extent that Butler's policy arguments may highlight shortcomings in the statute, that does not mean the result is absurd or illogical.  "If a statute gives rise to undesirable results, the legislature must determine the remedy.  Courts may not rewrite statutes to improve them." *Dep't of Transp. v. City of Idaho Springs*, 192 P.3d 490, 494 (Colo. App. 2008) (citation omitted).

¶ 36    Finally, Butler argues that the trial court's interpretation of "absent" should be rejected because the result of such an interpretation is unconstitutional.  Butler did not, however, present any of his constitutional arguments to either the trial court or the postconviction court.  Although we have the discretion to review unpreserved challenges to a statute's constitutionality, we do so "only where doing so would clearly further judicial economy." *People v. Houser*, 2013 COA 11.  Because Butler did not raise his constitutional arguments until appeal of the postconviction ruling, and because he "does not explain, nor do we discern, how our addressing his . . . challenge could promote judicial economy," we

17

decline to address the merits of his argument.  *See People In Interest of L.C.*, 2017 COA 82, ¶ 19.

¶ 37    Consequently, we, like the postconviction court, conclude that the applicable ten-year limitations period was tolled while Butler was in Minnesota.

### B.    *Butler's Prosecution Was Not Barred or Otherwise Subject to Reversal Because of Pleading and Proof Requirements*

¶ 38    Butler asserts that the People were nonetheless required to plead and prove to a jury beyond a reasonable doubt the facts of the tolling exception.  We perceive no grounds for vacating his convictions and sentences.

### 1.    *Pleading the Tolling Exception*

¶ 39    In *Bustamante*, 138 Colo. at 103, 329 P.2d at 1016, the supreme court said that

> time is material and must be alleged in an indictment or information when the crime alleged to have been committed is one which the statute of limitations bars from prosecution after the period prescribed.  When the time so alleged shows on the face of the charge that it is barred by the statute of limitations, it is necessary that the indictment or information expressly allege one or more of the exceptions provided by the statute, otherwise the application of the statute is automatic.

*See also id.* (quoting with approval *People v. McGee*, 36 P.2d 378, 379 (Cal. 1934), *overruled on other grounds by Cowan v. Superior Court*, 926 P.2d 438, 441 (Cal. 1996), for the proposition that "where the pleading of the state shows that the period of the statute of limitations has run, and nothing is alleged to take the case out of the statute, for example, that the defendant has been absent from the state, the power to proceed in the case is gone").

¶ 40     Butler argues that the prosecution's failure to plead his absence from the state in the information deprived the court of jurisdiction to proceed. This follows, he says, because without such an allegation, the information on its face described offenses committed beyond the applicable ten-year limitation period. Under the circumstances of this case, we must disagree.

¶ 41     At the time Butler was charged, the charges appeared timely on their face. Per the 2002 amendment to the statute of limitations, the limitations period was ten years after the victim reached age eighteen, or, as applicable here, 2008. Inasmuch as Butler was charged in 2007 — when the victim in this case was twenty-seven (and thus, within ten years after reaching age eighteen) — the

charges, on their face, appeared to fall squarely within the limitations period. Only now, in hindsight (i.e., since *Summers* was decided), is it apparent that the limitations period for Butler's charges was governed by the straightforward ten-year period provided in the statute of limitations in effect from 1992 through 1995.

¶ 42 Moreover, the People argued as an alternative ground that the case was, in any event, timely brought because whatever limitations period applied was tolled while Butler was absent from the state of Colorado. Because the court denied Butler's motion "for the *reasons* cited by the prosecution" (emphasis added), the court implicitly adopted both of the People's positions. The court's adoption of the People's first position (i.e., the applicability of the 2002 amendment to the statute of limitations) made superfluous, however, any apparent need to plead Butler's absence from the state as a ground for tolling the applicable limitations period.

¶ 43 Butler asserts that, regardless of what was apparent in 2007, there can be no question now that the 2002 amendment to the statute of limitations was inapplicable to his case and that the information does not allege facts (i.e., his absence from the state)

that would have brought his case within the applicable ten-year statute of limitations. Consequently, he insists, the case must be dismissed.

¶ 44 The supreme court has held that a trial court has jurisdiction to consider — and grant — a Crim. P. 7(e) motion to amend an information to bring the alleged offenses within the period prescribed by the statute of limitations. *People v. Bowen*, 658 P.2d 269, 270 (Colo. 1983); *see also Cervantes v. People*, 715 P.2d 783, 786 (Colo. 1986) ("Crim. P. 7(e) is to be construed liberally to avoid the dismissal of cases for technical irregularities in an information that can be cured through amendment."); *People v. Metcalf*, 926 P.2d 133, 139 (Colo. App. 1996) (recognizing that "[t]he *Bowen* court held that a trial court may permit the amendment of an information to allege that an offense occurred within the period of limitations").

¶ 45 Here, we perceive the substance of the second part of the prosecution's pretrial response to Butler's motion to dismiss as the functional equivalent of a request, if necessary, to amend the information to cure the jurisdictional defect, as was the case in *Bowen*, 658 P.2d at 270, by including an "exception," i.e., Butler's

absence from the state. Because such an amendment would not have charged a different offense or prejudiced Butler's substantial rights, it would have been permissible. *See Metcalf*, 926 P.2d at 139.

¶ 46 We acknowledge that the prosecution did not expressly make, nor did the trial court expressly grant, a motion to amend the information, but the court accepted the People's tolling position and undoubtedly would have done what was necessary to implement it had the court realized that the People's initial position was erroneous. What would have been necessary, in that event, would have been an amendment to the information.

¶ 47 In our view, the court's ruling, slim as it was, was sufficient to credit the tolling rationale as a basis for its jurisdiction, and the court was not deprived of jurisdiction simply because it did not then require that the information be amended accordingly. Because the court's ruling on the tolling ground could only be given effect, if necessary, by approving an amendment to the information, we construe the court's action as having had that effect. *See Grynberg v. Karlin*, 134 P.3d 563, 567 (Colo. App. 2006) (finding that a district court, despite failing to *expressly* grant or deny defendant's

motion, *implicitly* denied the motion because it "considered and discussed the motion during the hearing, and . . . denial of that motion was an inevitable corollary of the court's [other] ruling[s]"); *see also Zoline v. Telluride Lodge Ass'n*, 732 P.2d 635, 638 (Colo. 1987) (discussing cases from other jurisdictions that have adopted the same rule that "the determination of a motion need not always be expressed but may be implied") (citation omitted).

¶ 48 Thus, we conclude that, under the circumstances here, the prosecution's failure to plead Butler's absence from the state did not deprive the court of jurisdiction to proceed.

### 2. *Proving the Tolling Exception*

¶ 49 If a trial court's jurisdiction depends on the resolution of disputed facts, the issue should be submitted to the jury with an appropriate instruction unless the "uncontested facts overwhelmingly support jurisdiction." *People v. Cullen*, 695 P.2d 750, 751 (Colo. App. 1984). Consistent with this rule, a trial court can resolve a statute of limitations tolling issue prior to trial, without submitting it to a jury, if it can be decided based on undisputed facts. *Cito*, ¶¶ 29-32.

¶ 50    Here, Butler argues that the facts were disputed regarding whether he was "absent" *in fact and law* from the state. The fact of Butler's incarceration in Minnesota was not disputed; only the legal significance of this fact. Thus, the determination of whether this constituted being "absent" under the statute was a legal determination for the court to make based on undisputed facts.

¶ 51    To the extent that Butler argues a jury determination was required under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), we disagree. The rationale in *Apprendi* applies to elements of a crime or to sentencing factors which are the functional equivalent of elements of a crime. *See id.* at 510. Butler cites no authority for the proposition that a statute of limitations is either. And, indeed, it appears it is not. *See, e.g., People v. Linder*, 42 Cal. Rptr. 3d 496, 502-03 (Cal. Ct. App. 2006) (the *Apprendi* line of cases does not apply because a statute of limitations is not an element of an underlying charge, and extending a limitations period does not increase a defendant's punishment).

## IV.    Conclusion

¶ 52    The order is affirmed.

JUDGE FOX and JUDGE PLANK concur.