**The PEOPLE of the State of Colorado,**
**Plaintiff–Appellee,**

v.

**Joseph J. VERBRUGGE, Jr.,**
**Defendant–Appellant.**

No. 98CA0262.

Colorado Court of Appeals,
Div. V.

June 24, 1999.

Rehearing Denied Sept. 2, 1999.

Certiorari Denied May 1, 2000.

Ken Salazar, Attorney General, Barbara McDonnell, Chief Deputy Attorney General, Michael E. McLachlan, Solicitor General,

David B. Bush, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Springer & Steinberg, Harvey A. Steinberg, William R. Kelso, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge ROTHENBERG.

Defendant, Joseph James Verbrugge, Jr., appeals the judgment of conviction entered on a jury verdict finding him guilty of criminal medical negligence. We reverse.

## I.

Defendant was a physician specializing in anesthesiology. On July 8, 1993, he was the anesthesiologist in a surgical procedure performed on an eight-year-old boy. During surgery, complications arose and the boy died.

In April 1995, defendant was charged with one count of reckless manslaughter under § 18–3–104, C.R.S.1998, a class four felony, in connection with the boy's death.

At trial, the prosecution requested instructions not only on the charged offense, but also on the lesser included offense of criminally negligent homicide, a class five felony. See § 18–3–105, C.R.S.1998. Defendant's attorney requested an additional instruction on the lesser non-included offense of criminal medical negligence, a form of unprofessional conduct. Criminal medical negligence is a class two misdemeanor. See § 12–36–129(1), C.R.S.1998, and Colo. Sess. Laws 1987, ch. 84, § 12–36–117(1)(p) at 511.

The trial court granted both requests and instructed the jury as to all three offenses.

Following deliberations, the jury returned a guilty verdict on the criminal medical negligence, but was unable to reach verdicts on the other offenses. As a result, the trial court declared a mistrial. Defendant was retried in September 1997 on the reckless manslaughter charge, and at the retrial, the jury was again instructed on the original charge of reckless manslaughter and on the lesser included offense of criminally negligent homicide. The second jury returned verdicts of not guilty as to both charges.

Defendant then moved to vacate the first jury's guilty verdict on the class two misdemeanor offense of criminal medical negligence. The trial court denied his motion and entered a judgment of conviction on the misdemeanor.

## II.

Defendant contends the trial court erred by refusing to vacate the jury verdict on the criminal medical negligence offense because the statute of limitations for that class two misdemeanor offense had expired before the filing of the criminal complaint. Because the statute of limitations had run, he asserts that the trial court was without jurisdiction to enter judgment of conviction on that offense. We agree.

A court must always have jurisdiction to act, and any action taken by a court when it lacks jurisdiction is a nullity. *People v. Widhalm*, 991 P.2d 291 (Colo.App.1999). Subject matter jurisdiction cannot be waived. *People v. Burgess*, 946 P.2d 565 (Colo.App. 1997).

Pursuant to § 16–5–401(1)(a), C.R.S.1998, the statute of limitations for a misdemeanor is eighteen months, and "no person shall be prosecuted, tried, or punished for any offense unless the indictment, information, or complaint is filed ... within the period of time after the commission of the offense as specified...."

The purpose of the statute of limitations in a criminal case is to protect individuals from defending themselves against stale criminal charges, to prevent punishment for acts committed in the remote past, and to provide the accused with notice of the decision to prosecute and the general nature of the charge with sufficient promptness to allow the preparation of a defense. *Higgins v. People*, 868 P.2d 371 (Colo.1994).

In Colorado, the statute of limitations in criminal cases are jurisdictional in nature and operate as a bar to prosecution, and a violation thereof may be raised by a defendant at any time. *Bustamante v. District Court*, 138 Colo. 97, 329 P.2d 1013 (1958). *See also Drott v. People*, 71 Colo. 383, 384,

206 P. 797, 798 (1922) ("The prosecution [of the second count, a misdemeanor] being barred, the conviction on the second count was void.").

In *Bustamante,* the defendant was convicted of embezzlement offenses which were later held to be misdemeanors, not felonies. Because the indictment against the defendant had been filed more than eighteen months after the misdemeanor offenses occurred, the supreme court concluded the trial court lacked jurisdiction to try the defendant on those charges.

■ Here, the information charging defendant with a felony offense was filed approximately twenty-one months after the events giving rise to the charge, well within the limitations period for felonies. Thus, the trial court had jurisdiction to try defendant on the original felony offense and the lesser included felony offense.

At trial, however, the jury was also instructed on the lesser non-included misdemeanor offense of criminal medical negligence, and the statute of limitations for that offense had expired before the filing of the complaint. We thus conclude that, as in *Bustamante v. District Court, supra,* the trial court lacked jurisdiction to enter judgment on the lesser offense for which the statute of limitations had run.

## III.

In so holding, we acknowledge that there is a split of authority in this country whether the statute of limitations in criminal prosecutions constitutes a jurisdictional bar depriving a court of subject matter jurisdiction, or whether the statute is nonjurisdictional and may be waived by the defendant. Courts have addressed the issue under three general theories.

## A.

Under the first approach, courts in criminal cases, as opposed to civil cases, have viewed the statute of limitations as a jurisdictional limitation which cannot be waived and which divests courts of subject matter jurisdiction.

It can be argued that this is a fair result because it is within the prosecution's sole authority to charge defendant correctly and the prosecution should do so within the allowable time. Viewed in this manner, the fact that a jury finds defendant guilty of a lesser charge for which the statute of limitations has run may be seen as the prosecution's fault, and arguably defendants should not be penalized by being foreclosed from asking the jury to find them guilty of the proper, lesser charge.

Law review articles discussing this issue have placed Colorado with those jurisdictions taking the jurisdictional approach. *See* Comment, *Yossarian is Back, The Ultimate Catch–22: What to do When the Statute of Limitations Has Run on Lesser Offenses,* 8 St. Thomas L.Rev. 229 (1995)(fn. 86); Note, *Waiver of the Statute of Limitations in Criminal Prosecutions: United States v. Wild,* 90 Harv. L.Rev. 1550 (1977)(fn. 38).

## B.

The modern trend, however, seems to disfavor the jurisdictional approach and to favor the adoption of a "forfeiture," "implied waiver," or "invited error" approach. *See State v. Timoteo,* 87 Hawai'i 108, 952 P.2d 865 (1997) (compiling cases on the issue); Adlestein, *Conflict of the Criminal Statute of Limitations with Lessor Offenses at Trial,* 37 Wm. & Mary L.Rev. 199 (1995); T. Thomas, Annotation, *Waivability of Bar of Limitations Against Criminal Prosecution,* 78 A.L.R.4th 693 (1990).

Under this second approach, a defendant can lose the defense or protection afforded by the statute of limitations by failing to raise the statute at or before trial or by requesting a lesser included offense instruction. Courts adopting this approach have reasoned that where defendant seeks an instruction on a lesser offense that is barred by the statute of limitations in order to avoid conviction on a more serious offense, the protective purpose behind the statute of limitations is not served by depriving a court of subject matter jurisdiction. In fact, a defendant may be harmed by such a rule because a court is unlikely to instruct a jury on a potential lesser included or non-included of-

fense when the court is without jurisdiction to enter a conviction on that offense.

In essence, the courts adopting this approach have held that a defendant cannot inject error by requesting a time-barred instruction and later contest the conviction that resulted from such instruction. *See State v. Timoteo, supra.*

### C.

A third approach allows for an express waiver of the statute of limitations, but requires that such waiver be made knowingly, intelligently, and voluntarily. *See State v. Timoteo, supra;* T. Thomas, Annotation, *Waivability of Bar of Limitations Against Criminal Prosecution, supra.* Under this analysis, a defendant can enter into a plea bargain in which the prosecution agrees to dismiss a charged crime in exchange for a defendant's plea of guilty to a lesser crime for which the statute of limitations has run.

### D.

Here, the People urge us to adopt the second approach and to hold that, because defendant requested the lesser non-included offense instruction, our application of the invited error approach would permit the conviction to be sustained. However, we view as controlling the supreme court's holdings in *Bustamante* and *Drott* that the statute of limitations in criminal cases is jurisdictional.

Based on that authority, we therefore conclude that the trial court was without jurisdiction to enter the judgment of conviction. Accordingly, defendant's conviction for criminal medical negligence cannot stand.

Given this conclusion, we need not consider defendant's remaining contentions.

The judgment of conviction of criminal medical negligence is reversed.

Judge TAUBMAN and Judge ROY, concur.