**The PEOPLE of the State of Colorado, Plaintiff–Appellee,**

**v.**

**James Edwin LOWRY, Defendant–Appellant.**

**No. 05CA1226.**

Colorado Court of Appeals, Div. V.

March 22, 2007.

John W. Suthers, Attorney General, Laurie A. Booras, First Assistant Attorney Gen-

eral, Denver, Colorado, for Plaintiff–Appellee.

Haddon Morgan Mueller Jordan & Mackey, P.C., Norman R. Mueller, Rachel A. Bellis, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge FURMAN.

Defendant, James Edwin Lowry, appeals the trial court order denying his Crim. P. 35 motion to vacate his conviction. We affirm.

## I. Background

Defendant was tried by a jury on charges of sexual assault on a child by one in a position of trust (class 3 felony, pattern of abuse), attempted sexual assault on a child by one in a position of trust (class 4 felony), and a crime of violence for acts committed on or between September 1, 2002, and July 20, 2003. At the close of the evidence, defendant requested and was granted an instruction on the lesser offense of violation of a protection order (class 2 misdemeanor). The jury acquitted defendant of the felony assault charges but convicted him of violation of a protection order.

He then filed a Crim. P. 35 motion to vacate the misdemeanor conviction, contending the eighteen-month statute of limitations applicable to misdemeanors, § 16–5–401(1)(a), C.R.S.2006, had expired before he was convicted of that offense and therefore, the trial court lacked jurisdiction to enter judgment on that verdict.

The trial court denied the motion, concluding the statute of limitations did not apply. The court relied upon § 16–5–401(12), C.R.S. 2006, which states, in pertinent part:

> The applicable period of limitations specified in subsection (1) of this section shall not apply to charges of offenses or delinquent acts brought to facilitate the disposition of a case, or to lesser included or non-included charges of offenses or delinquent acts given to the court or a jury at a trial on the merits, by the accused.

## II. Lesser Non-included Offense

Defendant contends that the trial court erred in denying his motion because the un-charged misdemeanor was not a lesser non-included offense of the charged offenses but rather, was a separate, new offense which was time barred when it was alleged against him. We disagree.

### A. Subject Matter Jurisdiction

■ Defendant first contends that the statute of limitations is jurisdictional and can never be waived. We disagree.

In *People v. Verbrugge*, 998 P.2d 43, 44 (Colo.App.1999), a division of this court held that "the statute of limitations in criminal cases [is] jurisdictional in nature and operate[s] as a bar to prosecution." However, after *Verbrugge* was announced, the General Assembly enacted § 16–5–401(12), which creates an exception where a defendant has requested a lesser included or non-included offense.

■ There is a presumption that when a statute is amended, there is an intent to the change the law. *People v. Hale*, 654 P.2d 849 (Colo.1982); *see also Nelson, Haley, Patterson & Quirk, Inc. v. Garney Cos.*, 781 P.2d 153, 155 (Colo.App.1989) (when amendments follow a judicial decision interpreting a statute, we assume the General Assembly intended to change the law).

Here, defendant requested and received a lesser offense instruction, and he was convicted of the lesser offense instead of the original felony charges. *See People v. Bielecki*, 964 P.2d 598 (Colo.App.1998) (a lesser non-included offense instruction may be given only if the defendant requests it or consents to it).

Accordingly, if defendant's misdemeanor conviction was a lesser non-included offense, we conclude defendant's request for the lesser offense constituted a waiver of the statute of limitations. *See State v. Timoteo*, 87 Hawai'i 108, 952 P.2d 865 (1997), *cited in People v. Verbrugge, supra*, 998 P.2d at 45.

### B. "Arise from the Same Facts"

■ Relying on *People v. Skinner*, 825 P.2d 1045 (Colo.App.1991), defendant next contends he was not actually convicted of a lesser non-included offense because a lesser

non-included offense must arise from the same facts as the greater charged offense. He maintains that, because his violation of a restraining order did not arise from the same facts as the sexual assault charges, it is not a lesser non-included offense as a matter of law. We conclude defendant's reliance on *Skinner* is misplaced.

The division in *Skinner* reviewed the applicable cases and stated, in dicta, that "a lesser non-included offense *may* be any offense lesser in severity than the original charged offense, *provided that such lesser offense arises from the same facts leading to the original charge,* and that such lesser offense also contains at least one element not contained in the charged offense." *People v. Skinner, supra,* 825 P.2d at 1047 (emphasis added).

We agree with *Skinner* that generally a lesser nonincluded offense will arise from the same facts as the original charged offense. However, neither the text of § 16–5–401(12) nor supreme court precedent defining the more closely related term of "lesser included offense" requires that both offenses arise from the same facts. *See People v. Rivera,* 186 Colo. 24, 27, 525 P.2d 431, 433 (1974) (defendant entitled to a lesser included offense instruction if the greater offense establishes every essential element of the lesser offense).

In any event, after *Skinner,* the legislature specifically created an exception to the statute of limitations where, as here, the defendant has requested a lesser included or lesser non-included offense. Section 16–5–401(12). We must therefore decide what test is appropriate to determine whether an offense is lesser included or non-included under this statute.

Section 18–1–408(5)(a), C.R.S.2006, provides that a defendant may be convicted of an included offense when "[i]t is established by proof of the same or less than all the facts required to establish the commission of the offense charged." To determine whether a defendant is entitled to a lesser included offense instruction, the supreme court has applied a strict elements test that requires the court to compare "the statutes which set forth the constituent elements of each

crime." *People v. Rivera, supra,* 186 Colo. at 27, 525 P.2d at 433.

In *Meads v. People,* 78 P.3d 290, 294 (Colo. 2003), the supreme court reaffirmed the strict elements test, stating:

> [T]he strict elements test involves nothing more than placing the relevant statutes next to each other, comparing the language, and determining how closely they match. If the greater offense includes all of the elements of the lesser offense plus one or more additional elements, it is fair to say that the lesser offense is included within the greater offense. *Conversely, if a comparison of the two statutes reveals that the lesser offense has substantively different elements than the greater offense, the lesser offense is not included in the greater offense.*

*Meads v. People, supra,* 78 P.3d at 294 (emphasis added).

We therefore conclude the strict elements test should be used to determine whether an offense is lesser included or nonincluded under § 16–5–401(12).

Applying that test here, we conclude that violation of a protection order is a lesser non-included offense of sexual assault on a child by one in a position of trust. The elements of the sexual assault charges are that "[a]ny actor ... knowingly subjects another not his or her spouse to any sexual contact ... if the victim is a child less than eighteen years of age and the actor ... is one in a position of trust with respect to the victim." Section 18–3–405.3(1), C.R.S.2006. However, the elements of violation of a protection order are that the defendant has "actual knowledge of the contents of a protection order" and "[c]ontacts, harasses injures, intimidates, molests, threatens, or touches" the protected person or "enters or remains on premises or comes within a specified distance of the protected person or premises or violates any other provision of the protective order." Section 18–6–803.5(1), C.R.S.2006. Thus, the sexual assault charges did not establish all the essential elements of the lesser crime, violation of a protection order.

Because violation of a protection order is a lesser nonincluded offense of the sexual as-

sault charges, and because § 16–5–401(12) exempts lesser non-included offenses from the statute of limitations, we conclude the statute of limitations does not bar defendant's conviction for the lesser non-included offense. Accordingly, the trial court did not err in denying defendant's postconviction motion.

■ Finally, we note that a lesser nonincluded offense instruction is tantamount to a defendant's theory of the case instruction. *See People v. Skinner, supra,* 825 P.2d at 1047 (citing *People v. Rivera, supra*). Our holding does not change the established rule that, "before a court gives a lesser nonincluded offense instruction, there must be some rational evidentiary basis which *would allow* the jury to acquit the defendant on the greater charge and convict him on the lesser offense." *People v. Skinner, supra,* 825 P.2d at 1048.

The order is affirmed.

Judge DAILEY and Judge HAWTHORNE concur.