The PEOPLE of the State of Colorado, Plaintiff–Appellee,

v.

Tshebia M. WILSON, Defendant–Appellant.

No. 08CA1657.

Colorado Court of Appeals, Div. I.

June 24, 2010.

John W. Suthers, Attorney General, Christine C. Brady, Assistant Attorney General, Denver, Colorado, for Plaintiff–Appellee.

Douglas K. Wilson, Colorado State Public Defender, Andrew C. Heher, Deputy State Public Defender, Denver, Colorado, for Defendant–Appellant.

Opinion by Judge TAUBMAN.

Defendant, Tshebia M. Wilson, appeals the trial court's order granting the People's request for $47,086 restitution for overpaid public assistance benefits. We affirm.

## I. Background

In November 2005, the People charged Wilson with theft for overpayment of public assistance benefits for various periods between September 2001 and May 2005. In January 2008, Wilson pleaded guilty to one charge of theft between September 2004 and February 2005. The trial court then granted the People's request for $47,476.48 in restitution. Wilson objected to the restitution amount, alleging that some of the restitution requested was for a period covered in Wilson's prosecution for theft of public assistance in another case and some of the period covered was barred by the statute of limitations. The court vacated the order.

After holding an evidentiary hearing to determine the amount of restitution, the court concluded that Wilson had improperly collected public assistance benefits for herself and her five children without reporting the income of her boyfriend or common law husband, Malcolm Hall, while she resided with him. The court found by a preponderance of the evidence that Wilson had improperly received food stamps, child care, and welfare benefits from 2001 to 2005 and ordered Wilson to pay $47,086 in restitution. In so holding, the trial court rejected Wilson's argument that collection of a portion of the requested restitution was barred by the statute of limitations.[1]

This appeal followed.

## II. Standard of Review

A trial court has broad discretion in determining the appropriate terms and conditions of restitution, and the court's ruling will not be disturbed absent an abuse of that discretion. *People v. Robb*, 215 P.3d 1253, 1264 (Colo.App.2009). A court abuses its discretion when it applies an incorrect legal standard. *People v. Huggins*, 220 P.3d 977, 978 (Colo.App.2009). We will not disturb a trial court's decision fixing the amount of restitution if it is supported by the record. *Robb*, 215 P.3d at 1264.

## III. Statute of Limitations

Wilson contends the trial court erred in determining the amount of restitution because collection of $13,055 of that amount was barred by the statute of limitations, which she contends was a defect of subject matter jurisdiction. We disagree.

The interpretation of a statute is a question of law that we review de novo. *People v. Benavidez*, 222 P.3d 391, 393 (Colo.App. 2009). We must give effect to the General Assembly's intent, and we determine that intent primarily from the statute's plain language. *Romero v. People*, 179 P.3d 984, 986 (Colo.2007).

A challenge to a court's subject matter jurisdiction is not waivable and may be raised for the first time on appeal. *Herr v. People*, 198 P.3d 108, 111 (Colo.2008).

"Subject matter jurisdiction concerns the court's authority to deal with a class of cases, not its authority to enter a particular judgment within that class." *People v. Stanley*, 169 P.3d 258, 260 (Colo.App. 2007). Subject matter jurisdiction is conferred by the constitution and laws of the state. *Isham v. People*, 82 Colo. 550, 567–68, 262 P. 89, 96 (1927).

Further, a guilty plea waives all nonjurisdictional defenses, but not challenges to the court's jurisdiction. *People v. Neuhaus*, 240 P.3d 391, 397 (Colo.App.2009); *see also People v. Owen*, 122 P.3d 1006, 1007 (Colo. App.2005) ("By pleading guilty, a defendant waives a host of statutory and constitutional rights, including the right to a speedy trial.... [However], such a plea does not waive jurisdictional defects.").

Section 16–5–401(1)(a), C.R.S.2009, provides as relevant here that no person "shall be prosecuted, tried, or punished for any [theft] offense or delinquent act unless the indictment, information, [or] complaint ... is filed in a court of competent jurisdiction or a

---

1. Other than her statute of limitations challenge, Wilson does not contend that the restitution order could not include amounts of public benefits she received other than during the period to which she pled guilty. *See People v. Pagan*, 165 P.3d 724, 731 (Colo.App.2006) (restitution order may include losses resulting from uncharged and acquitted conduct that has been proved by a preponderance of the evidence).

. . . penalty assessment notice is served upon the defendant or juvenile" within three years after the theft. *See also* § 16–5–401(4.5)(c), C.R.S.2009 (limitations period begins upon discovery of theft).

In *People v. Verbrugge,* 998 P.2d 43, 44 (Colo.App.1999), a division of this court held that the statute of limitations in a criminal case is jurisdictional and operates as a bar to entry of judgment on a lesser nonincluded offense for which the statute of limitations had expired. In *People v. Davalos,* 30 P.3d 841, 846 (Colo.App.2001), a division of this court held that the statute of limitations applies to restitution orders because restitution is a type of punishment referred to in section 16–5–401(1)(a). Thus, the division held that restitution cannot be collected for periods barred by the statute of limitations.

In response to *Verbrugge,* the General Assembly amended the statute of limitations, section 16–5–401, C.R.S.2009, to add an exception for, inter alia, charges "brought to facilitate the disposition of a case." Ch. 131, sec. 10, § 16–5–401(12), 2000 Colo. Sess. Laws 454.

Section 16–5–401(12), C.R.S.2009, now provides:

The applicable period of limitations specified in subsection (1) of this section shall not apply to charges of offenses or delinquent acts brought to facilitate the disposition of a case, or to lesser included or nonincluded charges of offenses or delinquent acts given to the court or a jury at a trial on the merits, by the accused.

In *People v. Lowry,* 160 P.3d 396, 397 (Colo.App.2007), the defendant contended that a statute of limitations defense was jurisdictional and could not be waived. However, interpreting section 16–5–401(12), a division of this court held that the statute of limitations defense was waived because the defendant was convicted of a lesser nonincluded offense after requesting and receiving a lesser offense instruction. *Id.*

Wilson contends that because she was charged with theft on November 2, 2005, the three-year statute of limitations bars $13,055 included in the restitution order inasmuch as thefts in that amount were committed prior to November 2, 2002. We disagree.

█ The *Lowry* division concluded that the statute of limitations does not apply to lesser nonincluded offenses under section 16–5–401(12). 160 P.3d at 398. Here, the parties assume and we will also assume that the statutory language, "charges of offenses . . . brought to facilitate the disposition of a case," refers to plea bargains.[2] Just as *Lowry* concluded that under section 16–5–401(12), the statute of limitations does not apply to lesser included offenses, we conclude that the plain language of section 16–5–401(12) evinces the General Assembly's intent not to apply the statute of limitations to offenses to which a defendant pleads guilty. Thus, following *Lowry,* we conclude that section 16–5–401(12) provides that the statute of limitations does not apply here, and therefore Wilson waived her right to raise the statute of limitations as a defense to restitution when she pleaded guilty to theft.

Because subject matter jurisdiction is established by the constitution and statutes, *Isham,* 82 Colo. at 567–68, 262 P. at 96, the General Assembly can change the scope of subject matter jurisdiction by amending statutes. In enacting section 16–5–401(12), the General Assembly modified the subject matter jurisdiction of courts in connection with plea bargains. Although the statute of limitations in section 16–5–401(1)(a) still implicates a court's subject matter jurisdiction when a defendant goes to trial, that statute of limitations simply does not apply under the circumstances set forth in section 16–5–401(12), including when, as here, a defendant pleads guilty.[3]

Because the General Assembly enacted section 16–5–401(12), the statute of limitations does not apply when there is a plea

2. Neither party has suggested that this language applies only to additional charges brought against a defendant, which then form the basis of a plea bargain. Thus, we do not address this question.

3. The effect of excepting the charges in plea bargains from the statute of limitations is to provide prosecutors and defendants greater flexibility in reaching plea bargains.

bargain; thus, the court had subject matter jurisdiction to impose restitution for the charge to which Wilson pleaded guilty and did not err in refusing to reduce the amount of restitution.

## IV. Period of Restitution

Wilson contends that apart from her statute of limitations argument, the trial court abused its discretion in finding that the prosecution had proved by a preponderance of the evidence that she owed restitution in the amount of $47,086. We disagree.

Restitution is "any pecuniary loss suffered by a victim ... [that is] proximately caused by an offender's conduct and that can be reasonably calculated and recompensed in money." § 18–1.3–602(3)(a), C.R.S.2009.

Wilson contends the trial court abused its discretion in ordering restitution because she was overpaid public benefits only when she lived with her boyfriend or common law spouse from September 10, 2004, to February 2, 2005, and the court incorrectly determined she was overpaid benefits during a longer period.

Mary Drago, an investigator for the Department of Human Services, testified that spouses or parents of children are considered members of the household when calculating public assistance if living at the same residence, and their income must be considered in determining eligibility for the public assistance programs at issue. During the restitution hearing, Drago testified that Wilson had listed her home address as Hall's address on her application for the Low income Energy Assistance Program (LEAP) from October 2001 to September 2002. Drago also testified that a social worker reported the couple was living together in December 2004. Additionally, Drago testified that a field investigator spoke with Wilson's teenage daughter in December 2004, and was informed that Wilson and Hall were living in the same residence. Drago concluded from Wilson's employment documents and public assistance applications that Wilson lived with Hall from October 2001 to December 2004.

Drago testified that she determined Wilson was overpaid $5,135 by the Temporary Assistance to Needy Families program from October 2001 to September 2002. In addition, Drago concluded that Wilson was overpaid $4,247 in food stamps from October 2001 to September 2002, $6,745 from October 2002 to November 2003, and $4,947 from December 2003 to January 2004, for a total overpayment of $15,939 in food stamps. Drago also testified that Wilson was overpaid $26,402 in benefits from the Colorado Child Care Assistance program while Wilson lived with Hall from January 2001 to May 2005. As a result, Drago concluded that Wilson was overpaid $47,476 but had made $390 in payments, and so Wilson owed $47,086 for overpaid benefits.

The court found by a preponderance of the evidence that Wilson improperly received benefits from 2001 to 2005 because Hall's income should have been included when calculating Wilson's public assistance benefits. The court reached its conclusion based on the field investigation and the addresses Wilson listed on her assistance applications, including her LEAP application, and ordered Wilson to pay $47,086 in restitution.

■ We conclude that evidence in the record supports the trial court's finding that Wilson was living with Hall from 2001 to 2005 and improperly collected public assistance benefits during that period. Thus, we conclude that the court did not abuse its discretion in ordering restitution in the amount of $47,086.

The trial court's order is affirmed.

Judge J. JONES and Judge RICHMAN concur.