The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
July 3, 2019

## 2019COA103

**No. 17CA2299, *People v. Medina* — Criminal Law — Uniform Mandatory Disposition of Detainers Act; Courts and Court Procedure — Jurisdiction of Courts — Subject Matter Jurisdiction**

A division of the court of appeals concludes that a superintendent's alleged failure to deliver a defendant's request for final disposition under the Uniform Mandatory Disposition of Detainers Act did not divest the court of jurisdiction, and, therefore, the defendant waived his right to dismissal under section 16-14-103, C.R.S. 2018, when he entered a guilty plea.

COLORADO COURT OF APPEALS                                    **2019COA103**

Court of Appeals No. 17CA2299
City and County of Denver District Court No. 15CR3728
Honorable Sheila A. Rappaport, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Delano M. Medina,

Defendant-Appellant.

ORDER AFFIRMED

Division II
Opinion by JUDGE FURMAN
Dailey and Lipinsky, JJ., concur

Prior Opinion Announced April 25, 2019, <u>WITHDRAWN</u>

OPINION PREVIOUSLY ANNOUNCED AS "NOT PUBLISHED PURSUANT TO
C.A.R. 35(e)" ON APRIL 25, 2019, IS NOW DESIGNATED FOR PUBLICATION

Announced July 3, 2019

Philip J. Weiser, Attorney General, Brock J. Swanson, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Delano M. Medina, Pro Se

¶ 1    Defendant, Delano M. Medina, pleaded guilty to second degree assault and was sentenced to four years in the custody of the Department of Corrections.  Medina then filed two motions asking the court to dismiss his conviction under the Uniform Mandatory Disposition of Detainers Act (UMDDA), sections 16-14-101 to -108, C.R.S. 2018.  Medina's first motion was a motion to dismiss for lack of subject matter jurisdiction pursuant to C.R.C.P. 60(b)(4), and his second motion was a postconviction motion pursuant to Crim. P. 35(c).  The district court construed both motions as a petition for postconviction relief pursuant to Crim. P. 35(c).  The court then denied the motions.

¶ 2    On appeal, Medina contends that the district court lacked jurisdiction to accept his guilty plea and should have dismissed the case under section 16-14-104, C.R.S. 2018.  His contention is based on the premise that he was not brought to trial within the statutorily required time period under the UMDDA.  Because we disagree with Medina's contention, we affirm the district court's order.

I.  UMDDA

¶ 3     Medina contends that he made a valid request for final disposition in accordance with the requirements of the UMDDA, and that the district court did not have jurisdiction under section 16-14-104 to accept his guilty plea because more than 182 days had passed after his request.  We are not persuaded.

## A.  Standard of Review

¶ 4     We review the summary denial of a postconviction motion de novo.  *People v. Aguilar*, 2012 COA 181, ¶ 6.  In postconviction proceedings, the legality of the judgment and the regularity of the proceedings are presumed.  *Id.*

¶ 5     We note that in ruling on Medina's motion, it appears that the district court did not address the requirements of the UMDDA.  But a district court's ruling may be upheld on any ground supported by the record, regardless of whether that ground was relied upon or even contemplated by the court.  *See People v. Scott*, 116 P.3d 1231, 1233 (Colo. App. 2004).

## B.  Applicable Law under UMDDA

¶ 6     The UMDDA gives prisoners a mechanism for insisting on speedy and final disposition of untried charges.  *People v. McKimmy*, 2014 CO 76, ¶ 22.  It allows "[a]ny person who is in the custody of

2

the department of corrections" to request a "final disposition of any untried indictment, information, or criminal complaint." § 16-14-102(1), C.R.S. 2018. "The request shall be in writing addressed to the court in which the indictment, information, or criminal complaint is pending and to the prosecuting official." *Id.* The defendant must deliver the request to the superintendent where he or she is confined, and the superintendent must in turn send a registered copy to the court and prosecutor. § 16-14-103, C.R.S. 2018; *McKimmy*, ¶ 23.

¶ 7 Under the UMDDA, "no court of this state shall any longer have jurisdiction" over the complaint if it is not brought to trial "[w]ithin one hundred eighty-two days after the receipt of the request by the court and the prosecuting official, or within such additional time as the court for good cause shown in open court may grant." § 16-14-104(1); *see McKimmy*, ¶ 22. And because the requirements of section 16-14-104 are jurisdictional, the defect is not waived by a guilty plea. *People v. Gess*, 250 P.3d 734, 736 (Colo. App. 2010). But "substantial compliance alone is insufficient to satisfactorily invoke a prisoner's UMDDA rights." *McKimmy*, ¶ 24.

## C. Medina's UMDDA Request

¶ 8    Medina contends that he properly submitted the request for final disposition by providing it to his superintendent. But he does not contend that the district court and the prosecution ever received the request.

¶ 9    We also note that the district court file and record on appeal do not show that a UMDDA request was ever filed with the district court, or even mentioned in court before Medina filed his postconviction motion. And on appeal, Medina acknowledges that "the request may not have been provided to the court and prosecutor" and the request "appears nowhere in the Register of Actions."

¶ 10    The UMDDA "requires the court and the prosecution to safeguard a defendant's UMDDA rights once he actually invokes them." *McKimmy*, ¶ 30. But "logic dictates that the prosecution can only effectuate the [UMDDA's] goal of ensuring speedy trials if it gains actual knowledge of a defendant's UMDDA request." *McKimmy*, ¶ 30; *see* § 16-14-102(1) (a prisoner's request must be addressed to the court and to the prosecution). The court and prosecution "cannot be expected to affirmatively enforce a

4

defendant's UMDDA request . . . if [they] never learn[] of the request in the first place." *McKimmy*, ¶ 30.

¶ 11 Because the record does not show that the court or prosecution ever received or were otherwise made aware of Medina's request, Medina's request never triggered the 182-day period. *See People v. Roberts*, 2013 COA 50, ¶ 23 (the defendant's UMDDA rights were not invoked until the court and prosecution had actual knowledge of the request).

¶ 12 And because Medina did not submit a valid request for final disposition, he has not alleged facts that establish that the district court lacked jurisdiction under section 16-14-104 to accept his guilty plea. Thus, the district court properly denied Medina's motion.

## II. Superintendent's Failure to Mail Request

¶ 13 Medina also contends, for the first time on appeal, that he is entitled to relief under the provision of the UMDDA that requires a superintendent of a correctional facility to "[s]end, by registered mail, a copy of the request made by the prisoner" to "both the court having jurisdiction of the untried offense and to the prosecuting official charged with the duty of prosecuting the offense." § 16-14-

103(1)(b). We conclude that the claim is not properly before us on appeal and, at any rate, that Medina waived this argument.

## A. Standard of Review

¶ 14    This issue also depends on the statutory construction of the UMDDA, which we review de novo. *Carr*, 205 P.3d at 473.

¶ 15    Whether a defendant made a valid waiver of a right is also a question of law subject to de novo review. *Stackhouse v. People*, 2015 CO 48, ¶ 4.

## B.  Issues Not Raised at the District Court and Waiver

¶ 16    Medina contends that he delivered a proper request under the UMDDA to the superintendent of the correctional facility. And he cites to cases that hold that his rights under the UMDDA "cannot be defeated by the superintendent's failure to comply with his statutory duties under section 16-14-103." *People v. Trancoso*, 776 P.2d 374, 380-81 (Colo. 1989); *see also Martin v. People*, 738 P.2d 789, 792 (Colo. 1987) (a superintendent's failure to fulfill the duties imposed by section 16-14-103 is a violation of the UMDDA that is independent of any violation under section 16-14-104). Thus, in his view, we must remand for the district court to dismiss the charges against him.

¶ 17    We disagree, for two reasons.  First, Medina did not present this factual contention or the documents he attached to his opening brief in the district court.  *See People v. Rodriguez,* 914 P.2d 230, 251 (Colo. 1996) (holding that a defendant may not use his brief on appeal to fortify issues inadequately raised or supported by his motion); *People v. Wolfe,* 213 P.3d 1035, 1037 (Colo. App. 2009) (issues not raised in a postconviction motion will not be considered on appeal of the denial of that motion); *see also People v. Rubanowitz,* 688 P.2d 231, 242 n.5 (Colo. 1984) (documents attached to appellate brief but not presented in district court would not be considered on appeal); *People v. Lucero,* 2013 COA 53, ¶ 15 (same), *aff'd,* 2017 CO 49.  Because Medina did not properly raise this issue in the district court, we need not consider it on appeal.

¶ 18    Second, Medina's argument disregards that a defendant who enters a guilty plea waives nonjurisdictional claims.  *See People v. Wilson,* 251 P.3d 507, 508 (Colo. App. 2010); *People v. Carroll,* 939 P.2d 452, 453-55 (Colo. App. 1996).  And contrary to Medina's contention, the superintendent's alleged failure to comply with section 16-14-103 (duties of superintendent upon delivery of request) here did not divest the court of jurisdiction.

¶ 19 Subject matter jurisdiction is conferred by the constitution and laws of the state. *Wilson*, 251 P.3d at 508; *cf. People v. McMurtry*, 122 P.3d 237, 242 (Colo. 2005) (observing, among other things, that "no words in the statute state that the right to a speedy trial involves the issue of subject matter jurisdiction").

¶ 20 There is no language in section 16-14-103 that indicates that a violation of the superintendent's duties would deprive the court of jurisdiction. And we note that a superintendent's violation of other statutory duties under the UMDDA does not deprive a court of jurisdiction. *See People v. Slusher*, 43 P.3d 647, 650 (Colo. App. 2001) (concluding that a superintendent's failure to comply with section 16-14-102(2)-(3) does not deprive a court of jurisdiction). In fact, a superintendent's failure to comply with section 16-14-103, like the failure to comply with section 16-14-102(2)-(3), does not justify dismissal of the charges if the People can establish that the defendant was not prejudiced by the violation. *Trancoso*, 776 P.2d at 382 n.12.

¶ 21 This contrasts with the effect of the court or prosecutor violating section 16-14-104(1), discussed above, which requires that

"no court of this state shall any longer have jurisdiction" over the matter.

¶ 22 Thus, we conclude that a violation of section 16-14-103, like a violation of section 16-14-102(2)-(3), does not deprive the district court of subject matter jurisdiction.

¶ 23 As a result, regardless of whether the superintendent failed to properly forward Medina's request for final disposition, Medina here waived his right to dismissal under section 16-14-103 when he entered a guilty plea.

## IV. Conclusion

¶ 24 The order is affirmed.

JUDGE DAILEY and JUDGE LIPINSKY concur.