The summaries of the Colorado Court of Appeals published opinions
constitute no part of the opinion of the division but have been prepared by
the division for the convenience of the reader.  The summaries may not be
cited or relied upon as they are not the official language of the division.
Any discrepancy between the language in the summary and in the opinion
should be resolved in favor of the language in the opinion.

SUMMARY
August 6, 2020

## 2020COA119

**No. 16CA1876, *People v. Lopez* — Crimes — Public Indecency**

A division of the court of appeals concludes for the first time
that the common area of a prison facility is "public" for purposes of
the public indecency statute.

Court of Appeals No. 16CA1876
Logan County District Court No. 15CR210
Honorable Michael K. Singer, Judge

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Gage Walker Lopez,

Defendant-Appellant.

JUDGMENT REVERSED AND CASE
REMANDED WITH DIRECTIONS

Division II
Opinion by JUDGE TOW
Román and Pawar, JJ., concur

Announced August 6, 2020

Philip J. Weiser, Attorney General, Joseph G. Michaels, Assistant Attorney
General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Jason C. Middleton, Deputy
State Public Defender, Denver, Colorado, for Defendant-Appellant

¶ 1     Defendant, Gage Walker Lopez, appeals the judgment of conviction entered on a jury verdict finding him guilty of indecent exposure. Concluding, apparently for the first time, that the common area in a prison facility is a "public" area for purposes of the public indecency statute, we hold that Lopez was entitled to an instruction on the lesser nonincluded offense of public indecency. Because the trial court declined his request to give that instruction, we reverse and remand the case for a new trial.

¶ 2     We further conclude that one of Lopez's prior convictions for indecent exposure was void because the initial charge in that case was filed after the statute of limitations had expired. Accordingly, on retrial, the People cannot rely on that conviction to elevate the current indecent exposure charge to a felony.

## I.     Background

¶ 3     Lopez, an inmate at a Department of Corrections (DOC) facility, walked inside from the prison yard and twice exposed his genitals to a case manager in the doorway leading into the unit. He was charged with felony indecent exposure — third or subsequent offense under section 18-7-302(1)(a), (4), C.R.S. 2019.

¶ 4    At trial, defense counsel argued that Lopez did not commit indecent exposure because he did not act with the requisite sexual intent, but rather exposed himself so he could be placed in administrative segregation.  She also requested an instruction on the lesser nonincluded offense of public indecency, arguing that because Lopez acted without sexual intent the jury could acquit him of indecent exposure but convict him of public indecency.  The court rejected the instruction, finding that a secured area in a DOC facility was not "public" under the public indecency statute.

¶ 5    The jury convicted Lopez as charged.  The court sentenced him to five years supervised probation.

## II.    The Trial Court Erred by Failing to Instruct the Jury on the Lesser Nonincluded Offense

¶ 6    Lopez first argues that the trial court erred by failing to instruct the jury on the lesser nonincluded offense of public indecency.  We agree.

### A.    Standard of Review

¶ 7    In cases where the court's decision to instruct the jury on a lesser offense turns on a comparison of statutory elements, we review that legal issue de novo.  *People v. Ramirez*, 18 P.3d 822, 827

(Colo. App. 2000).  We also review de novo matters of statutory interpretation.  *People v. Perez*, 2016 CO 12, ¶ 8.

¶ 8    The standard we apply in reviewing the trial court's decision not to provide an instruction on a lesser nonincluded offense is not clearly established.  Some divisions of this court have held that whether the evidence in the record is sufficient to give the requested instruction is a factual inquiry that we review for an abuse of discretion.  *See, e.g., People v. Wartena*, 2012 COA 12, ¶ 30.  Other divisions have reviewed the issue de novo.  *See, e.g., People v. Rubio*, 222 P.3d 355, 360 (Colo. App. 2009).  However, a trial court's misapplication of the law is also an abuse of discretion.  *People v. Henson*, 2013 COA 36, ¶ 9.  Thus, we need not conclusively resolve which standard of review applies, because either one requires us to interpret the statute de novo.

¶ 9    Finally, in deciding whether to instruct the jury on a lesser offense requested by the defense, a trial court must consider the evidence in the light most favorable to the defendant.  *Mata-Medina v. People*, 71 P.3d 973, 979 (Colo. 2003).  Nonetheless, "there must also be a rational basis in the evidence to support a verdict acquitting the defendant of a greater offense and convicting him of

3

the lesser offense." *Wartena*, ¶ 30. And "the mere chance that a jury may reject uncontroverted testimony and convict on the lesser charge does not require the trial court to instruct the jury on the lesser charge." *Ramirez*, 18 P.3d at 827.

¶ 10    When a trial court erroneously fails to give a jury instruction that the defendant requested and to which he was entitled, we review that omission under the harmless error standard. *Mata-Medina*, 71 P.3d at 980. Applying that standard, reversal is warranted only if the error affected the defendant's substantial rights. Crim. P. 52(a). An error impacts a defendant's substantial rights if there is "a reasonable probability that it contributed to the defendant's conviction." *Mata-Medina*, 71 P.3d at 980.

## B.    Law and Application

¶ 11    As relevant here, a person commits indecent exposure "[i]f he . . . knowingly exposes his . . . genitals to the view of any person under circumstances in which such conduct is likely to cause affront or alarm to the other person with the intent to arouse or to satisfy the sexual desire of any person." § 18-7-302. A person commits public indecency by — "in a public place or [in a place] where the conduct may reasonably be expected to be viewed by

4

members of the public" — "knowing[ly] expos[ing] . . . the person's genitals to the view of a person under circumstances in which such conduct is likely to cause affront or alarm to the other person." § 18-7-301(1)(e), C.R.S. 2019. A public place is "a place to which the public or a substantial number of the public has access, and includes but is not limited to . . . the common areas of public and private buildings and facilities." § 18-1-901(3)(n), C.R.S. 2019.

¶ 12    Lopez argues, the People concede, and we agree that the common area of a DOC facility is a public place for the purposes of the public indecency statute because it is used by other inmates and staff. *See People in Interest of D.C.*, 2019 COA 22, ¶ 15 (holding that a Division of Youth Corrections classroom was a place where conduct may reasonably be expected to be viewed by members of the public because staff and juvenile residents may use the classrooms); *People v. Hoskay*, 87 P.3d 194, 199 (Colo. App. 2003) (holding that dormitory room of the detoxification facility was a public place because it is "open to any man admitted to the facility, as well as to the staff"). No other elements of the public indecency statute were disputed as inapplicable, and the instruction was consistent with Lopez's defense. Therefore, public indecency was a

lesser nonincluded offense of indecent exposure and the trial court's failure to instruct the jury on the lesser offense was error.

¶ 13    Next, we must determine whether this was a reversible error. As already noted, a defendant is entitled to a lesser nonincluded instruction if the evidence establishes a rational basis both to acquit the defendant on the greater charge and to convict the defendant on the lesser charge. *Cf. Apodaca v. People*, 712 P.2d 467 (Colo. 1985) (holding that instruction for lesser included offense of attempted second degree kidnapping was not warranted where undisputed evidence clearly established the completed crime of second degree kidnapping).

¶ 14    We reject the People's argument that no rational basis for acquittal exists because the jury returned a guilty verdict on the indecent exposure charge. A jury may convict a defendant because they believed that a crime was committed and only one crime was charged. The lesser offense instruction is designed to "help[] ensure that a jury does not convict a defendant of a greater offense than the one actually committed merely because the greater offense is the only crime charged." *People v. Naranjo*, 2017 CO 87, ¶ 16. As a

result, we look at the evidence presented rather than the jury's verdict to determine whether the error is reversible.

¶ 15    Here, there is a rational basis to acquit Lopez of the indecent exposure charge and convict him of public indecency. Lopez's defense was that he lacked the requisite intent to commit indecent exposure. Specifically, Lopez testified that he experiences anxiety and on the day of the incident, "my anxiety had finally gotten away from me and I decided to act out and run away from the situation . . . I am going to expose myself to this person and get thrown in segregation." He also testified that he was not trying to arouse the case manager or himself. A DOC investigator also testified that inmates sometimes want to go to segregation and Lopez told him that he acted out because of anxiety stemming from his living arrangement. This evidence supports Lopez's defense that he lacked the requisite intent. None of the other elements of public indecency are disputed. Therefore, there is a reasonable probability that the trial court's failure to give the lesser nonincluded instruction contributed to the verdict and absence of the requested instruction was not harmless. We reverse Lopez's conviction for indecent exposure and remand for a new trial.

### III. The Trial Court Erred by Using a Void Prior Conviction to Enhance Lopez's Conviction

¶ 16    Lopez also argues that the trial court erred by using a void prior conviction to enhance his conviction to a felony. Because this issue is likely to arise on retrial, we address it. We agree.

#### A. Additional Background

¶ 17    The prosecution charged indecent exposure as a felony because Lopez had two prior indecent exposure convictions. *See* § 18-7-302(4) ("Indecent exposure is a class 6 felony if the violation is committed subsequent to two prior convictions of a violation of this section . . . .").

¶ 18    Prior to sentencing, Lopez filed a brief asserting that one of his prior convictions could not be used to enhance his conviction. Specifically, he argued that because the prior conviction was based on a charge filed outside of the statute of limitations, the court did not have subject matter jurisdiction to convict him. The trial court denied the motion.

#### B. Waiver

¶ 19    As a preliminary matter, the People argue that Lopez waived this claim by pleading guilty to the prior charge. We disagree. A

voluntary guilty plea waives *nonjurisdictional* defects in the proceedings against a defendant. *People v. Carroll*, 939 P.2d 452, 454 (Colo. App. 1996). It does not waive jurisdictional defects in those proceedings. *People v. Owen*, 122 P.3d 1006, 1007-08 (Colo. App. 2005). Consequently, Lopez is not barred from bringing this claim.

## C. Standard of Review

¶ 20 "Whether a court has subject matter jurisdiction is a question of law we review de novo." *People v. Wunder*, 2016 COA 46, ¶ 9.

## D. Law and Application

¶ 21 A judgment is void if the court that entered it lacked subject matter jurisdiction. *People v. Sandoval*, 2016 COA 57, ¶ 53. A void judgment can be collaterally attacked at any time. *See* § 16-5-402(2)(a), C.R.S. 2019.

¶ 22 Here, the underlying incident resulting in the prior conviction occurred on September 20, 2012. The trial court found that Lopez was not charged with misdemeanor indecent exposure for the incident until April 11, 2014, over eighteen months later. But the statute of limitations for the prosecution of misdemeanors is eighteen months. § 16-5-401(1)(a), C.R.S. 2019. Thus, the statute

9

of limitations expired before charges were filed. "[O]ur case law is clear: a claimed statute of limitations violation in a criminal case implicates the court's subject matter jurisdiction." *People v. Butler*, 2017 COA 117, ¶ 14.

¶ 23　　Although there is an exception to the statute of limitations, that exception does not apply here. "The applicable period of limitations . . . shall not apply to charges of offenses or delinquent acts brought to facilitate the disposition of a case, or to lesser included or non-included charges of offenses or delinquent acts given to the court or a jury . . . by the accused." § 16-5-401(12). But the indecent exposure charge filed against Lopez was the original charge. It was not "brought to facilitate the disposition of [the] case" nor was it a "lesser included or non-included charge[]." *Id.* In other words, this exception applies only when the court had obtained subject matter jurisdiction over the initial charge as a result of a timely initial filing of charges.

¶ 24　　The People's reliance on *People v. Wilson*, 251 P.3d 507 (Colo. App. 2010), is unavailing. There, when the complaint was originally filed, the statute of limitations had not run on the original felony charges filed against the defendant. *See id.* at 508. Consequently,

10

*Wilson* did not involve the scenario presented here, in which the invocation of the trial court's subject matter jurisdiction was untimely from the outset of the case.

¶ 25 Because the statute of limitations period had expired before the prosecutor filed the initial charge against Lopez in 2014, the court did not have subject matter jurisdiction over the charge. Consequently, should Lopez be convicted of indecent exposure upon retrial, the 2014 judgment of conviction cannot be used to enhance the current conviction to a felony.

## IV. Remaining Contentions

¶ 26 In light of our disposition of the jury instruction issue, and because we cannot say if, how, or in what context Lopez's remaining issues will arise on retrial, we decline to address them.

## V. Conclusion

¶ 27 The judgment is reversed, and the case is remanded for a new trial.

JUDGE ROMÁN and JUDGE PAWAR concur.