23CA0398 Peo v Mau 01-22-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 23CA0398
Larimer County District Court No. 21CR920
Honorable Stephen J. Jouard, Judge

---

The People of the State of Colorado,

Plaintiff-Appellee,

v.

Bryan Steven Mau,

Defendant-Appellant.

---

JUDGMENT AFFIRMED IN PART
AND VACATED IN PART

Division VII
Opinion by JUDGE PAWAR
Gomez and Graham*, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced January 22, 2026

---

Philip J. Weiser, Attorney General, Marixa Frias, Assistant Attorney General, Denver, Colorado, for Plaintiff-Appellee

Megan A. Ring, Colorado State Public Defender, Christina Van Wagenen, Deputy State Public Defender, Denver, Colorado, for Defendant-Appellant

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2025.

¶ 1    Defendant, Bryan Steven Mau, appeals his convictions of attempted sexual exploitation of a child and invasion of privacy for sexual gratification. We affirm the first conviction and vacate the second.

## I.    Background

¶ 2    Mau lived with his partner in a one-bathroom house. The victim, his partner's sixteen-year-old sister, regularly visited the house after school and sometimes housesat.

¶ 3    Mau placed a video camera in the bathroom trash can next to the toilet, angled up and toward the toilet. The camera captured images of the victim pulling her pants down to use the toilet but did not capture images of her genitalia. The images were found on Mau's computer and digital storage devices alongside pornography.

¶ 4    Mau was charged with attempted sexual exploitation of a child and invasion of privacy for sexual gratification. He waived his right to a jury trial and the case was tried to the trial court. The court found him guilty of both counts and sentenced him accordingly.

¶ 5    Mau appeals, arguing that the evidence was insufficient to support the attempted sexual exploitation of a child count and the

1

statute of limitations had expired on the invasion of privacy count. We disagree with his first argument and agree with his second.

## II. Sufficiency of the Evidence

¶ 6    We review a challenge to the sufficiency of the evidence de novo. *People v. Donald,* 2020 CO 24, ¶ 18. We ask whether the evidence, viewed as a whole and in the light most favorable to the prosecution, was sufficient to support a conclusion by a reasonable mind that the defendant is guilty beyond a reasonable doubt. *Id.*

¶ 7    As relevant here, sexual exploitation of a child requires that a defendant knowingly "[c]auses, induces, entices, or permits a child to engage in, or be used for, any explicit sexual conduct for the making of any sexually exploitative material." § 18-6-403(3)(a), C.R.S. 2025. There are two main parts to this offense: (1) explicit sexual conduct (2) for the purpose of making sexually exploitative material.

¶ 8    Explicit sexual conduct includes erotic nudity, which is the display of genitalia "for the purpose of real or simulated overt sexual gratification or stimulation of one or more of the persons involved." § 18-6-403(2)(d). A person who takes pictures of a child's genitalia can be a "person involved" for purposes of erotic nudity. *See People*

*in Interest of T.B.*, 2019 CO 53, ¶¶ 49-52. And the sexual gratification or stimulation need not appear in the erotic nudity. *Id.* at ¶ 49. This means that taking photos of a child's genitalia, if done for the sexual gratification or stimulation of the photographer, can be erotic nudity and therefore explicit sexual conduct. *Id.* at ¶¶ 49-52.

¶ 9    Next, sexually exploitative material means any photograph or video "that depicts a child engaged in, participating in, observing, or being used for explicit sexual conduct." § 18-6-403(2)(j)(I).

¶ 10    Thus, sexual exploitation of a child can be committed by causing or permitting a child's genitalia to be photographed for the sexual stimulation or gratification of the photographer. *See T.B.*, ¶¶ 49-54.

¶ 11    Here, Mau was convicted of *attempted* sexual exploitation of a child. This means the prosecution had to prove he engaged in conduct constituting a substantial step toward the commission of sexual exploitation of a child. *See* § 18-2-101(1), C.R.S. 2025. Viewing the evidence in the light most favorable to the prosecution, as we must, we conclude that the evidence was sufficient to support a reasonable conclusion that Mau engaged in a substantial step

toward taking photos of the victim's genitalia for his own sexual stimulation or gratification.

¶ 12     Mau's partner testified that Mau admitted to having an "obsession towards" the victim. And there is no question that Mau placed the camera where it captured the images of the victim and then saved those images to his devices alongside pornography. We recognize that the images did not depict the victim's genitalia, only her bare buttocks. But a reasonable fact finder could fairly infer from this evidence that Mau was attempting to capture images of the victim's genitalia for his own sexual stimulation or gratification. *See Donald,* ¶ 19 (the prosecution is entitled to the benefit of all reasonable inferences that can be fairly drawn from the evidence).

¶ 13     Mau points out the absence of any evidence that he placed the victim in any sexually suggestive pose. This does not matter. As explained above, attempting to capture images of the victim's genitalia for his own sexual stimulation was enough, even if he did not attempt to place or manipulate her into a suggestive pose. We therefore disagree with Mau's sufficiency challenge.

### III. Statute of Limitations

¶ 14     Mau argues that because the invasion of privacy count was charged outside the statute of limitations, the trial court lacked subject matter jurisdiction over it. The Attorney General concedes that this count was charged outside the statute of limitations and further concedes that if this deprived the court of subject matter jurisdiction, we must vacate the conviction. However, the Attorney General contends that the untimeliness of the charge *did not* implicate the court's subject matter jurisdiction and Mau waived any non-subject-matter-jurisdiction challenge based on the statute of limitations. We disagree with the Attorney General and agree with Mau.

¶ 15     First, we agree with the parties that the invasion of privacy count was charged outside the statute of limitations. As charged here, invasion of privacy for sexual gratification is a misdemeanor, § 18-3-405.6(1), (2)(a), C.R.S. 2025, and must be brought within eighteen months of its commission, § 16-5-401(1)(a), C.R.S. 2025. The charged conduct here occurred in 2017 and Mau was not charged until 2021, well beyond the statute of limitations.

¶ 16 Second, a violation of the statute of limitations for a criminal charge destroys the trial court's subject matter jurisdiction over that charge. *People v. Lopez*, 2020 COA 119, ¶ 22 ("[O]ur case law is clear: a claimed statute of limitations violation in a criminal case implicates the court's subject matter jurisdiction." (quoting *People v. Butler*, 2017 COA 117, ¶ 14)). Moreover, subject matter jurisdiction arguments are not waivable and can be raised at any time, even for the first time on appeal. *See Herr v. People*, 198 P.3d 108, 111 (Colo. 2008).

¶ 17 Because the invasion of privacy count was brought outside the statute of limitations, the trial court lacked subject matter jurisdiction over it and we must vacate the conviction.

## IV. Disposition

¶ 18 The attempted sexual exploitation of a child conviction is affirmed, and the invasion of privacy conviction is vacated.

JUDGE GOMEZ and JUDGE GRAHAM concur.

6